OPINION OF THE COURT
Michael C. Curci, J.
Defendant is on jury trial for the alleged commission of one count of grand larceny in the second degree, the second count of criminal possession of stolen property in the first degree, a third count of unauthorized use of a motor vehicle in the third degree, a fourth count of possession of burglar tools, and a fifth count of criminal mischief in the fourth degree.
A trial order of dismissal at the end of the People’s case was not granted, there having been sufficient credible evidence. That sufficient credible evidence included some direct, but mostly circumstantial, evidence. The circumstantial evidence was comprised of the testimony of a police officer who said he saw defendant in a “catcher’s position” squatting in the open trunk of the 1982 Cadillac DeVille, doing something to the backseat or to the jack. Further, that that Cadillac’s cylinder lock was popped, pried or punched out, that the steering column shroud was pried or broken open, “so that you could start the car”; that the door lock was also popped; that the trunk lid was pried open or punched out; and that the vehicle was running. Also seized off the person of the defendant were four bolts which fit missing hubs of the car, and a screwdriver, which screwdriver was contended to be a burglar’s tool.
*912 Further, a statement was admitted into evidence, in that the same officer testified that the defendant had said, “I took the car.” It is about this statement that these issues arise pertaining to the charge to the jury. On direct, the Assistant District Attorney elicited the Miranda warnings and the alleged responses of the defendant to them from the officer. The defense did not object.
The statement had been ruled constitutionally admissible after a hearing and findings of facts and conclusions of law by the Honorable Seymour Rotker, Supreme Court, Queens, on June 28, 1984. Mr. Justice Rotker’s findings of facts and conclusions of law were clear that he had made a two-pronged ruling. One might also characterize it as two decisions having to do with the same fact transaction. Mr. Justice Rotker ruled that the defendant did not voluntarily waive his rights after the Miranda warnings. He specifically stated that he did not waive his right to counsel after the Miranda warnings. In this first prong, he clearly addressed the adequacy and sufficiency of the Miranda warnings and whatever voluntary nature of the waiver that defendant may have made in that he did or did not knowingly understand or comprehend the Miranda rights and the Miranda rights were not adequate and were insufficient. That ruling is, of course, one made for the benefit of the defendant and not for the People. Subsequent to that moment, Judge Rotker enunciated that which we call the second prong of his decision. He, nevertheless, continued on to address what would be called a spontaneous statement which he reported occurred about one hour later during the taking of defendant’s pedigree. The ruling was that the court, at that time, found defendant’s statement not in response to a question but a declaration which did not constitute an answer to any question in that the officer did not seek to involve the defendant in an incriminating response.
It may be suggested, in the instant case, that the People had no duty to elicit the Miranda questions and answers on direct, but having done so, opened the door to the issue. One may allude to the other side of the coin of People v Graham (55 NY2d 144) where Judge Fuchsberg said that a trial court may not refuse a defendant’s request that it *913 submit the voluntariness of defendant’s incriminating statement to the jury even though the issue of the Miranda rights had already been reviewed by a suppression court and that they had been ruled valid and proper, and the earlier ruling was that defendant had knowingly waived a privilege against self incrimination. The court made a study of CPL 710.70 to interpret the literal language of that statute. It arrived at the conclusion that the voluntariness issue having, thus, been kept from the jury “was to be the overarching issue” (p 148); and ruled that even though a court below had ruled the Miranda rights valid and, therefore, that the statement was voluntary, that CPL 710.70 would dictate that the defendant in this State gains a second bite at the apple, that the question must be sent to the jury for a second time. This, of course, was all done for the benefit of the defendant under the concept of “an overarching issue” to protect the defendant’s fundamental constitutional rights'. The court stated that CPL 710.70 is not divorced from history in that the Trial Judge “makes a full determination of voluntariness and submits the confession to the jury only if the statement is found voluntary” (p 150).
Our case is the other side of the coin. While there is now no question but that even when a court of concurrent jurisdiction rules that the Miranda rights were valid, the defendant had knowingly waived her privilege against self incrimination and that the statement was voluntary; that the defendant has two bites of the apple and is entitled to a charge to the jury thusly, on the issue of voluntariness. However, in our case, the Miranda rights have already been ruled to have been invalid in effect, at least to the extent that they failed to cause the defendant to voluntarily waive his rights after the Miranda warnings. The People, by having the officer testify to the Miranda questions and answers, cannot get two bites of the apple by unilaterally creating an issue that cannot be allowed to exist. The usual bromide “that they opened the door”, obtain for the reason that the People cannot take away a fundamental “overarching” constitutional right from the defendant by the People’s unilateral act. Any other conclusion could arrive at the absurdity of the jury overruling *914 Judge Rotker’s findings and conclusions of law that the defendant did not voluntarily waive his rights after the Miranda warnings. In other words, the jury could be put into a position of validating the Miranda rights and reversing Judge Rotker on a constitutional issue. There is no case that gives the People two bites at the apple. This would, of course, be constitutionally impermissible.
Therefore, Mr. Justice Rotker’s previous decision is in the nature of absolute constitutional estoppel, and it is very much the law of the case, reversible only on appeal and not by the jury. This for the reason that this basic and fundamental constitutional protection runs to the defendant, and cannot be reversed by either the People nor a court of concurrent jurisdiction.
We shall, of course, charge the jury generally in the defendant’s basic rights in that the statement must have been voluntarily made and truthful pursuant to the Constitution and CPL 60.45.
This leaves us with Judge Rotker’s second prong of his ruling. At his findings of fact he reported that one hour later, the defendant blurted out a short statement, “I took the car”, and this spontaneous voluntary statement was not the result of any question, not caused by the officer’s seeking to involve the defendant in an incriminatory response. This statement will be the subject of a charge to the jury pointedly addressing itself and advising the jury on the law of spontaneously volunteered statements.